```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLIVER HOLMES                  :        CIVIL ACTION
                               :
      v.                       :
                               :
LESLIE SHELDON-KLOSS, et al.   :        NO. 07-cv-00740-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                  September 20, 2007

      Plaintiff, Oliver Holmes, a prison inmate at Graterford, brought this *pro se* action against various prison personnel, asserting a wide variety of constitutional claims. Counsel for the defendants filed a motion to dismiss the complaint, under Fed. R. Civ. P. 12(b)(6). Since the motion was accompanied by prison records and other materials not included in plaintiff's complaint, I entered an order converting the motion to a motion for summary judgment under Fed. R. Civ. P. 56, and afforded plaintiff an opportunity to file a further response to the motion if he desired. Plaintiff has done so, but in the form of a brief which merely reiterates the arguments set forth at length in his original complaint and in his original opposition to the motion to dismiss.

      The record presents a factual history which does not appear to be in significant dispute. In 2003, an inmate named Wheeler filed a civil rights action, and our plaintiff filed affidavits in support of Mr. Wheeler's complaints. (<u>Wheeler v. Shellenberger</u>, C.A. No. 03-4826 (E.D. Pa., Yohn J.)). The

following year, Mr. Holmes and another inmate named Burgos filed their own action against prison personnel, alleging that they had been retaliated against because of their support of Wheeler's action.  (Burgos v. Kovalchik, C.A. No. 04-1694 (E.D. Pa., Shapiro J.)).  That case was amicably settled in December 2004; the terms of the settlement are not disclosed in this record.

Approximately two years later, in February 2007, plaintiff filed the present case, alleging various forms of mistreatment he has sustained, attributable to his participation in the two earlier lawsuits.

Plaintiff asserts a claim under the Eighth Amendment, predicated upon the fact that he has a medical problem with his feet which makes it painful for him to work as a janitor at the prison, but the defendants have refused to assign him to sedentary employment, notwithstanding his repeated applications for such employment, for which he has been found qualified.

The record makes clear that plaintiff's Eighth Amendment claim is without merit.  His foot condition is not attributable to the defendants; he has received and is receiving medical care for that condition; and he has not been compelled to do anything which might aggravate that condition or cause discomfort.  To the extent that plaintiff has worked as a janitor at the prison, he has done so voluntarily.

It is true that plaintiff has, on occasion, sought a clerk's position, and that the person who would have been his

immediate supervisor in such employment has recommended that plaintiff be assigned to the clerical position in question. But some of the persons in the chain of command opposed the assignment, because they believed that, on an earlier occasion, plaintiff may have extracted favors from other prisoners in exchange for cell-assignments controlled by the person in the clerical position he'd sought. Plaintiff, on the other hand, asserts that he never "sold" cell-assignments, and that the clerk's position he sought did not involve participation in the cell-assignment process.

Drawing all inferences in favor of the plaintiff, it is reasonable to conclude that the defendant Sheldon-Kloss is adamantly opposed to allowing plaintiff to be employed in the clerkship position to which he has aspired. Plaintiff believes (without a scintilla of proof) that the defendant Sheldon-Kloss's personal animosity toward plaintiff stems from the fact that one of the defendants (Kovalchik) in the earlier lawsuit is a close friend. The record shows, however, that plaintiff filed a grievance seeking to have Sheldon-Kloss disciplined for "insubordination" because Sheldon-Kloss opposed plaintiff's selection for the clerk position.

In short, this case involves a series of minor run-ins and disputes between plaintiff and prison officials, none of which can reasonably be viewed as impairing any of plaintiff's constitutional rights. It is not the function of a federal court

to delve into the minutiae of prison management.  Non-selection for a particular job within the prison is not a sufficiently serious adverse action to support a retaliation claim.  <u>See generally</u>, <u>Dawes v. Walker</u>, 239 F.3d 489 (2nd Cir. 2001).  A prisoner does not have a right to a particular job.  To allow this case to proceed would, in my view, impermissibly trivialize the First Amendment.  Defendants' motion for summary judgment will be granted.

       An order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OLIVER HOLMES                      :        CIVIL ACTION
                                   :
        v.                         :
                                   :
LESLIE SHELDON-KLOSS, et al.       :        NO. 07-cv-00740-JF
```

ORDER

AND NOW, this 20th day of September 2007, upon consideration of the defendants' motion to dismiss (treated as a motion for summary judgment), and plaintiff's responses, IT IS ORDERED:

    1.   Defendants' motion is GRANTED.

    2.   JUDGMENT is ENTERED in favor of the defendants and against the plaintiff.

    3.   The Clerk is directed to close the file administratively.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.